1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  MOUNTAINEERS FOUNDATION, a
10 Washington public benefit corporation,

No.: 2:19-cv-01819

Plaintiff,

COMPLAINT

11

12    v.

13 THE MOUNTAINEERS, a Washington non-
   profit corporation,

14
          Defendant.

15

16      Plaintiff Mountaineers Foundation ("Plaintiff" or "The Foundation") by and through its

17 attorneys, and for its Complaint against Defendant, The Mountaineers ("Defendant") hereby

18 alleges as follows:

19                              **I.    INTRODUCTION**

20      1.      The Foundation brings this action to stop Defendant from unlawfully taking the

21 brand, bequeathed assets and goodwill that rightfully belong to The Foundation. The Foundation

22 has engaged in charitable fundraising services over the past 50 years. In that time, it has come to

23 be known throughout the world as the source of these charitable services and as a steward of the

24 environment.

25      2.      Defendant seeks to take the funds, property and financial bequests directed to The

26 Foundation, by simply using The Foundation's name and mark. In fact, after 50 years of use by

COMPLAINT (2:19-cv-01819) - 1

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

502611134 v1

The Foundation, Defendant now claims that it owns and has the right to call itself THE MOUNTAINEERS FOUNDATION. Defendant even filed trademark applications with the United States Patent and Trademark Office ("Trademark Office") and claimed, under penalty of perjury, that it continuously and exclusively used THE MOUNTAINEERS and THE MOUNTAINEERS FOUNDATION trademarks in association with charitable fundraising services since as early as 1907 and that no other persons had rights to use the mark in commerce.

3.      These statements are false. Defendant's tax exempt status was revoked by the Internal Revenue Service around 1968 and it could not engage in charitable fundraising services. It did not regain this status until over 43 years later.

4.      Moreover, Defendant knew these statements to the Trademark Office were false. Defendant admitted under penalty of perjury, that it could not have even accepted charitable donations prior to 2011. Defendant knew that The Foundation had substantially, continuously and exclusively used MOUNTAINEERS and the MOUNTAINEERS FOUNDATION for charitable services for almost 50 years when it filed its federal trademark applications for these marks. Defendant made these false statements to the Trademark Office to induce the Trademark Office issue registrations. This is fraud.

5.      Defendant cannot just start using the name of an independent organization, obtain a trademark and then claim ownership over that organization's assets. For this reason, The Foundation respectfully brings this action for trademark infringement, unfair competition, unjust enrichment, declaratory relief and for violations of the Washington Consumer Protection Act.

## II.      PARTIES

6.      The Foundation is a Washington public benefit corporation with its principal place of business in Bremerton, Washington. It is an independent organization founded in 1968, and is dedicated to the conservation of Washington's environment and passing along the best possible environmental legacy to future generations through its community grants, conservation education, property acquisition, and The Mountaineers Foundation Rhododendron Preserve ("The Preserve")

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

ownership, management and expansion. It provides these services in Washington State and across the country through, among other things, its charitable fundraising services. In fact, since its inception, The Foundation has awarded hundreds of grants to nonprofit organizations throughout the Pacific Northwest.

7.      Defendant is a Washington not-for-profit organization with its principal place of business in Seattle, Washington. Defendant is an alpine club that hosts a wide range of outdoor recreational activities, primarily alpine mountain climbing and hikes, in addition to classes, training, and social events. Defendant attested under penalty of perjury that it did not receive charitable donations until after 2011.

### III.      JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this dispute pursuant to 15 U.S.C. §§ 1121 *et seq*, and 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202. The Court, further, has supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

9.      This Court has personal jurisdiction over Defendant because it has engaged in substantial business activities in and directed to this district, is registered to do business in this district and because the infringement of trademarks and unfair competition alleged herein took place, in substantial part, in this district. Venue therefore properly lies in this Court and the Western District of Washington, pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).

10.     Moreover, the Court has jurisdiction over this matter and venue is appropriate in this district because The Foundation is located in and operated from this district and a substantial portion of the events giving rise to the present suit took place in this district.

### IV.      FACTS AND BACKGROUND

#### A.      <u>The Foundation and the Current Dispute</u>

11.     The Foundation is a registered 501(c)(3) public benefit corporation dedicated to the preservation and conservation of a healthy environment through educational programs, the

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

502611134 v1

acquisition and stewardship of critical habitats in the state, and the provision of grants to other conservation-focused not-for-profit organizations.

12.     The Foundation was formed in 1968 and has operated under the name the MOUNTAINEERS FOUNDATION for the past 50 years. During this time, it has made and continues to make extensive use of this name on its website and in its promotional materials in connection with its educational and conservation efforts, and in connection with its charitable fundraising and grant programs.

13.     Through this extensive use, The Foundation accumulated considerable assets and goodwill, arising in part from generous financial bequests from the public. In order to protect the goodwill that had become associated with its name, in 2017, The Foundation applied for and received Washington Trademark Registration No. 60088 for (THE) MOUNTAINEERS FOUNDATION.

14.     Defendant, learning of The Foundation's goodwill, embarked on a plan to divert The Foundation's assets and financial bequests to Defendant. It started by seeking a federal trademark protection for THE MOUNTAINEERS and THE MOUNTAINEERS FOUNDATION for charitable fundraising services. It then claimed to initiate use of this mark with its own charitable services – all in the hopes of deceiving the public into misdirecting their donations, volunteer hours, and other resources to Defendant.

15.     Defendant's actions are made all the more egregious because it has been well aware of The Foundation's historical use of MOUNTAINEERS and the MOUNTAINEERS FOUNDATION over the past 50 years. The Foundation and Defendant worked together on several educational and conservation efforts including: The Preserve; the publication of a book entitled *the Arctic National Wildlife Refuge: Season of Life and Land*; and the development of The Mountaineers Tacoma Program Center, an event venue in Tacoma, Washington.

16.     Defendant never objected to The Foundation's use of MOUNTAINEERS or the MOUNTAINEERS FOUNDATION over this lengthy time period. Defendant never exercised any

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

control over The Foundation or directed its activities related to its uses of these marks. It could not. It could not accept charitable donations because it was involved in political activities. In fact, The Foundation was created as an entirely separate entity to engage in these fundraising activities as well as certain other conservation efforts. This was done with Defendant's knowledge and consent.

17. Defendant was required to abandon its charitable fundraising activities in 1968. Defendant did abandon these activities in 1968. Defendant then watched The Foundation continuously and exclusively use MOUNTAINEERS and the MOUNTAINEERS FOUNDATION for charitable fundraising activities for almost 50 years and develop substantial goodwill without objection.

### B. The Origin of Defendant and its Loss of Tax Exempt Status

18. Defendant is an outdoor recreation and social club originally conceived of in 1906 by W. Montelius Price and Ashael Curtis. The two men were members of Mazamas, a mountaineering organization based in Portland, Oregon. After meeting and speaking with one another on a number of hikes organized by Mazamas, Price and Curtis developed a plan to form a club similar to Mazamas in Seattle.

19. That club, which came to be known as The Mountaineers Auxiliary To The Mazamas, held its first meeting on January 18, 1907, at the Seattle Chamber of Commerce hall. The group organized hikes, outdoor walks, and other social gatherings for its members. Later that year, the club dropped the appended "Auxiliary To The Mazamas" but continues to exist to this day and organizes hiking and outdoor trips for its members every year.

20. As the organization continued to grow, however, its members considered expanding beyond its initial recreational mission in order to enter the political arena and it began lobbying for environmental legislation and the governmental protection of critical habitats.

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

21.     This expanded mission was not unanimously accepted by all the club's members. Indeed, it was cited as one of the reasons that a number of members of Defendant left the organization to found The Wildlife Foundation in 1920.

22.     Despite these protests, the bid to direct the club's efforts towards political ends was ultimately successful and the organization was formed as a non-profit charitable organization in the State of Washington on July 24, 1913, with an express legislative agenda included in its Articles of Incorporation, a copy of which is attached hereto as **Exhibit A.**

23.     According to its Articles of Incorporation, Defendant, as an organization, was intended to advance the following purposes:

> To explore and study the mountains, forests and watercourses of the Northwest and beyond; to gather into permanent form the history and traditions of this region; to preserve by example, teaching and ***the encouragement of protective legislation*** or otherwise, the natural beauty of Northwest America; to make expeditions into these regions in fulfillment of the above purposes; to encourage a spirit of good fellowship among all lovers of out-door life.

> To hold real estate and personal property to receive, hire, purchase, occupy and maintain and manage suitable buildings and quarters for the furtherance of the purposes of the association, and to hold in trust or otherwise funds received by bequest or gift or otherwise, to be devoted to the purposes of said association.

Id. at 3-4 (emphasis added).

24.     In 1968, due at least in part to its political agenda, the Internal Revenue Service revoked Defendant's tax-exempt status. Pursuant to the Revenue Act of 1969, the Internal Revenue Service was authorized to revoke a charitable organization's exemption and qualification to receive deductible contributions if it makes a determination that such organization has engaged in substantial political activities.

25.     In response to the Internal Revenue Service's determination, Jesse Epstein, the then-president of Defendant led an effort to establish The Foundation in order to raise funds and make grants to environmental organizations in the Pacific Northwest, an agenda that Defendant could not pursue after the revocation of its tax exempt status.

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

502611134 v1

26.     In fact, because of these changes to its federal tax status, Defendant expressly abandoned and stopped all use of THE MOUNTAINEERS for charitable fundraising purposes.  It could not even be affiliated with these charitable services without being taxed or running afoul of the Internal Revenue Service.

C.     **The Incorporation of The Foundation as a Tax-Exempt Entity**

27.     The Foundation is a registered 501(c)(3) public benefit corporation dedicated to the preservation and conservation of a healthy environment through educational programs, the acquisition and stewardship of critical habitats in the state, and the provision of grants to other conservation-focused not-for-profit organizations.

28.     On June 24, 1968, The Foundation was formed with the Washington Secretary of State as a nonprofit charitable organization with the express purpose of creating an independent tax-exempt organization to accept and administer public donations.

29.     The 1968 Articles of Incorporation of The Foundation is attached hereto as **Exhibit B**, and provides in relevant part that The Foundation intends to:

> [O]perate *exclusively for charitable, scientific, literary, testing for public safety, and educational purposes as set forth in 501 (c) (3) of the Internal Revenue Code* . . . To promote the well-being of mankind throughout the world by direct action through research, publication, testing for public safety, lectures and education and by other appropriate means and by *contributions to other exempt charitable, scientific, literary or education organizations as specified in Section 501(c) (3)* . . . .

Id. at 2 (emphasis added).

30.     This was the first use of the MOUNTAINEERS FOUNDATION. Since this time and for almost 50 years, Defendant did not claim any exclusive right to the use of THE MOUNTAINEERS or THE MOUNTAINEERS FOUNDATION.

31.     The Foundation and Defendant are entirely separate and distinct entities that operated pursuant to arms-length agreements. The Foundation and Defendant never entered into any licensing or other contractual arrangement for use of these marks. Defendant never exercised

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

502611134 v1

any control over The Foundation's use of these marks. Nor was any such agreement included in or contemplated by The Foundation's Articles of Incorporation.

32.     The seven incorporators of The Foundation—Jesse Epstein, John Davis, Leo Gallagher, Joan Hanson, Morris Moen, John Ossseward, and Paul Wiseman—had all been officers or trustees of The Mountaineers. However, The Foundation's by-laws do not restrict membership to The Foundation to members of Defendant.

33.     In 1985, The Foundation amended its Articles of Incorporation to provide that The Foundation would also:

> [E]ngage in the ownership and preservation of real property for the purpose of:
>
> a.  Conserving ecology systems, natural resources, and open space;
> b.  Permitting and facilitating scientific research and educational opportunities for the general public; and
> c.  Preserving natural plants, biotic communities and wildlife on such real property.

A copy of the Articles of Amendment is attached hereto as **Exhibit C**.

D.      **Defendant and The Foundation Collaborations**

34.     Defendant and The Foundation have been entirely separate organizations since The Foundation's inception.  They had to be.  The laws prohibited Defendant from accepting charitable donations without running afoul of the tax laws.  Moreover, Defendant was prohibited by these laws from controlling the operations of The Foundation.

35.     That is not to say that the Parties did not collaborate on a few discrete projects. As noted in Defendant's 1983-1990 "The Mountaineer Annual" which detailed the work of the organization from 1983 to 1990, The Foundation and Defendant worked together on certain discrete projects including:  the publication of Defendant's book: *Washington's Wild Rivers - The Unfinished Work*; the ongoing acquisition of books and journals; the restoration of the historic Mount Pilchuck Lookout; and the publication of *The Mountaineer* magazine. A copy of select portions of Defendant's 1983-1990 Annual, published in 1991, is attached hereto as **Exhibit D**.

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

502611134 v1

36.     In addition, in 1985 The Foundation entered into a Conservancy Agreement with Defendant in which Defendant transferred to The Foundation, among other properties, various parcels of land in Kitsap County that have come to be known as The Preserve.  The Preserve contains virgin timber forest and a unique display of native rhododendrons.

37.     Pursuant to the Agreement, The Foundation made use of its tax-exempt status to raise funds to help pay for maintenance and operation of The Preserve.

E.      **Defendant's Merger and Renewed Tax-Exempt Status**

38.     It was not until 2011 that Defendant regained its tax-exempt status following a merger with "The Mountaineers of the Pacific Northwest."  A copy of the Articles of Incorporation is attached hereto as **Exhibit E.**

39.     In a statement announcing its decision to regain its tax-exempt status, Defendant explained that the primary justification was to increase its revenues by encouraging and soliciting individual donations from the public; specifically, it explained:

> [O]ur previous tax status as a 501(c)(4) **_inhibited our ability to find funding sources_** to support our mission. **_Operating as a 501(c)(3) will expand our capacity to support our services, trips, and classes by making it easier for us to fundraise, including: Individual donations are tax-deductible_**, Access to grants from foundations and corporations, [and] All annual membership dues are tax deductible as a non-profit contribution.[1]

40.     Defendant attested under penalty of perjury that prior to its change in tax exempt status in 2011, Defendant did not receive charitable financial donations directly from donors. Defendant's October 18, 2018, Declaration is attached hereto as **Exhibit F.**

41.     Not content to merely accept donations from its own members, however, Defendant recently has begun to impermissibly use The Foundation's name and brand to misdirect donations and bequests intended for The Foundation to Defendant.

---

[1] The Mountaineers, *501(c)(3) Tax Status*, https://www.mountaineers.org/about/vision-leadership/board-of-directors/501-c-3-tax-status (emphasis added).

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

502611134 v1

**F.     The Foundation's Mark**

42.     The Foundation owns Washington Trademark Registration No. 60088 for the mark (THE) MOUNTAINEERS FOUNDATION for use in International Class 35 (the "'088" Registration). The '088 Registration issued on July 6, 2017. A copy of the '088 Registration is attached here as **Exhibit G**.

43.     Prior to the '088 Registration, The Foundation has used the MOUNTAINEERS FOUNDATION as a trademark, a trade name, and engaged the use of the MOUNTAINEERS FOUNDATION, analogous to trademark use, and has continuously, substantially and exclusively used the MOUNTAINEERS FOUNDATION in association with its charitable fundraising services.

44.     The Foundation began using the MOUNTAINEERS FOUNDATION mark as a trademark in intrastate and interstate commerce prior to Defendant, and at least as early as 1968.

45.     The Foundation has developed and enjoys extensive goodwill throughout the United States with respect to the MOUNTAINEERS FOUNDATION. The Foundation established this goodwill through the expenditure of money in advertising and/or promotion of the MOUNTAINEERS FOUNDATION mark in association with its services, including charitable fundraising services; community grants; conservation education; property ownership; and the ownership, management and expansion of The Preserve. The MOUNTAINEERS FOUNDATION mark is inherently distinctive and has become widely known to the relevant class of consumers as the source of its services such that the relevant class of consumers has come to know, rely upon and associate the MOUNTAINEERS FOUNDATION mark with The Foundation and to recognize it as the source of the charitable fundraising services provided by The Foundation.

46.     Since its creation in 1968, The Foundation has used the MOUNTAINEERS FOUNDATION without any license, supervision, or control by Defendant.

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

502611134 v1

G.    **<u>Defendant's Infringing Uses of The Foundation's Marks</u>**

47.    The Foundation continues to make extensive use of the MOUNTAINEERS FOUNDATION on its website and in its promotional materials in connection with its educational and conservation efforts, and in connection with its fund-raising and grant programs.

48.    Notwithstanding, Defendant began a campaign to misdirect funds and donations intended for The Foundation to Defendant through misleading statements and misuse of The Foundation's registered mark.

49.    Recently, Defendant released a statement that: "**It is important that our members and supporters of our mission understand that gifts and bequests intended for The Mountaineers Foundation be directed to The Mountaineers at our Seattle address:** 7700 Sand Point Way NE, Seattle, WA 98115."[2]

50.    Further, it has begun to use The Foundation's THE MOUNTAINEERS FOUNDATION mark on its website and promotional materials, an example of which is pictured below, in an effort to falsely suggest an affiliation or association with The Foundation that does not exist:



*The Mountaineers Foundation[TM] is a philanthropic arm and trademark of The Mountaineers®, a 501(c)(3) nonprofit organization, tax ID: 27-3009280, 7700 Sand Point Way NE, Seattle, WA 98115.*

51.    Defendant has made a number of false and deceptive statements intended to mislead the public into misdirecting their donations intended for The Foundation to Defendant. These statements include, but are not limited to, assertions on its public website that:   (1) "The

---

[2] The Mountaineers, *The Mountaineers Foundation*, https://www.mountaineers.org/about/about-the-mountaineers-foundation (emphasis in original).

COMPLAINT (2:19-cv-01819) - 11

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

502611134 v1

Mountaineers Foundation™ is a philanthropic arm and trademark of The Mountaineers®"; and (2) "The Keta Legacy Foundation operated under license to use The Mountaineers name for many years. Moving forward, Defendant no longer requires the services of a separate licensee as a fundraising and grant-making agent and will use The Mountaineers Foundation name exclusively."[3]

52.     These statements are false. The Foundation is an independent organization. It is not, nor has is even been, a "philanthropic arm" of Defendant. Moreover, there is no license. There has never been any license to use THE MOUNTAINEERS or any permutation of this name between The Foundation and Defendant. These statements were made solely to misdirect benefactors of The Foundation to Defendant.

H.     **Defendant's Trademark Application and Registrations**

53.     Defendant is identified as the owner of U.S. Trademark Application Serial No. 88/643,474 for THE MOUNTAINEERS FOUNDATION in International Class 36 for use in conjunction with "Charitable services, namely, raising funds for and awarding grants to organizations supporting the environment, conservation, outdoor education, outdoor recreation, and natural history (the "'474 Application").  The '474 Application was filed on October 5, 2019. A copy of the '474 Application is attached hereto as **Exhibit H**.

54.     Defendant is identified as the owner of U.S. Trademark Registration No. 5,350,305 for THE MOUNTAINEERS in International Class 36 for use in conjunction with "Charitable fundraising services for the environment, conservation, outdoor education, outdoor recreation, and natural history" (the "'305 Registration").  The '305 Registration issued on December 5, 2017.  A copy of the '305 Registration is attached hereto as **Exhibit I**.  A copy of the U.S. Trademark Application Serial No. 87/445,767 (the "'767 Application"), which resulted in the '305 Registration, is attached hereto as **Exhibit J**.

---

[3] The Mountaineers, *The Mountaineers Foundation*, https://www.mountaineers.org/about/about-the-mountaineers-foundation.

COMPLAINT (2:19-cv-01819) - 12

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

502611134 v1

55. Defendant is identified as the owner of U.S. Trademark Registration No. 5,350,307 for M THE MOUNTAINEERS and Design in International Class 36 for use in conjunction with "Charitable fundraising services for the environment, conservation, outdoor education, outdoor recreation, and natural history" (the "'307 Registration"). The '307 Registration issued on December 5, 2017. A copy of the '307 Registration is attached hereto as **Exhibit K**. A copy of the U.S. Trademark Application Serial No. 87/445,773 (the "'773 Application"), which resulted in the '307 Registration, is attached hereto as **Exhibit L**.

56. The '305 Registration and the '307 Registration are collectively referred to herein as "Defendant Registrations."

57. In connection with its trademark filings, Defendant made a number of statements to the Trademark Office, attesting that: (1) "To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive"; (2) "the applicant is entitled to use the mark in commerce"; and (3) that "[t]o the best of the signatory's knowledge and belief, the facts recited in the application are accurate." See Exhibits H, J and L.

58. These statements are false. It is indisputable that Defendant knew that The Foundation previously, substantially, continuously and exclusively used THE MOUNTAINEERS and THE MOUNTAINEERS FOUNDATION for charitable fundraising when Defendant filed the '474 Application and the applications to register Defendant Registrations for confusingly similar services.

59. Defendant nevertheless executed these declarations with the knowledge and belief that the statements in the declaration were false.

60. Defendant made false statements in support of the trademark applications with the intent to deceive the Trademark Office and to induce the Trademark Office to grant Defendant's

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

502611134 v1

applications to register Defendant Registrations.  The Trademark Office reasonably relied upon the truth of Defendant's false statements when it granted Defendant's applications to register Defendant Registrations.

61.     Defendant's activities constitute fraud on the Trademark Office, warranting the cancellation of Defendant Registrations, invalidation of the '474 Application and an attorney's fees award for willful infringement.

## V.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a)(1)(A)**

62.     The Foundation re-alleges and incorporates by reference, as if fully set forth herein, all of the preceding paragraphs.

63.     The Foundation owns all of the right, title, interest, and goodwill in and to, and holds the first, superior and exclusive rights to use the MOUNTAINEERS FOUNDATION mark in conjunction with charitable fundraising and grant award services for the environment, conservation, outdoor education, outdoor recreation and natural history.

64.     The Foundation gained prior state and common law rights throughout the United States in the MOUNTAINEERS FOUNDATION mark in conjunction with charitable fundraising and grant award services for the environment, conservation, outdoor education, outdoor recreation and natural history, long before Defendant. The Foundation has continuously used the MOUNTAINEERS FOUNDATION mark in commerce in conjunction with charitable fundraising and grant award services for the environment, conservation, outdoor education, outdoor recreation and natural history, and continues to use the mark in commerce in association with these services.

65.     The Foundation's the MOUNTAINEERS FOUNDATION mark is inherently distinctive and/or has acquired secondary meaning.

66.     Without permission, authority, or license from The Foundation, Defendant has been offering similar charitable fundraising services for the environment, conservation, outdoor

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

502611134 v1

education, outdoor recreation and natural history, under THE MOUNTAINEERS and THE MOUNTAINEERS FOUNDATION. These uses by Defendant have caused and are likely to continue to cause consumer confusion.

67.     The Foundation is informed and believes, and based thereon alleges, that Defendant adopted THE MOUNTAINEERS and THE MOUNTAINEERS FOUNDATION marks with knowledge of, and the intent to call to mind and create a likelihood of confusion with regard to, and/or trade off the goodwill of The Foundation and would cause confusion, mistake, or deception among donors and the public.

68.     Defendant knew of The Foundation's prior use of the MOUNTAINEERS and the MOUNTAINEERS FOUNDATION mark.  By adopting, commencing use and continuing to use THE MOUNTAINEERS and THE MOUNTAINEERS FOUNDATION marks in interstate commerce in association with similar services, Defendant intended to induce and will likely continue to induce the public to misdirect funds and donations by trading off of the extensive goodwill and reputation built up by The Foundation in the MOUNTAINEERS FOUNDATION mark.

69.     The Foundation has no control over the nature and quality of the goods and/or services offered by Defendant under THE MOUNTAINEERS and THE MOUNTAINEERS FOUNDATION marks. The Foundation's reputation and goodwill, and the value of the MOUNTAINEERS FOUNDATION mark, has been and will be harmed by Defendant's continued use of THE MOUNTAINEERS and THE MOUNTAINEERS FOUNDATION marks for charitable fundraising services without authorization.

70.     Moreover, Defendant's use of THE MOUNTAINEERS and THE MOUNTAINEERS FOUNDATION marks has resulted in and is likely to result in consumer confusion.

71.     Because of the likelihood of confusion between the Parties' marks, any defects, publicity, objections or faults found with Defendant's goods and/or services marketed under THE

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

502611134 v1

MOUNTAINEERS and THE MOUNTAINEERS FOUNDATION marks would negatively reflect upon and injure the reputation that The Foundation has established over the past 50 years. Defendant's use generates confusion and undermines testamentary intent in order to unlawfully gain bequeathed assets intended for The Foundation.

72.     Defendant's acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to The Foundation's intellectual property, business, reputation and goodwill. The Foundation has no adequate remedy at law because monetary damages are inadequate to compensate The Foundation for injuries caused by Defendant.

73.     Such acts have caused and are likely to cause confusion and deception among the public and/or are likely to lead the public to believe that The Foundation has authorized, approved, or somehow sponsored Defendant's use of THE MOUNTAINEERS and THE MOUNTAINEERS FOUNDATION marks in connection with Defendant's charitable fundraising services.

74.     The aforesaid wrongful acts of Defendant constitute false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact, all in violation of 15 U.S.C. § 1125(a).

75.     Defendant's conduct has been knowing, deliberate, willful and intended to cause confusion, or to cause mistake or to deceive in violation of The Foundation's rights.

76.     Defendant's wrongful conduct, as averred above, has permitted and will permit it to receive substantial gifts and profits on the strength of The Foundation's reputation, marketing, advertising and consumer recognition. The Foundation seeks an accounting of Defendant's profits and further requests that the Court increase the award of Defendant's profits to The Foundation in an amount in the Court's discretion.

77.     As a result of Defendant's acts as alleged above, The Foundation has incurred damages in an amount to be proven at trial.

COMPLAINT (2:19-cv-01819) - 16

502611134 v1

78.     Pursuant to 15 U.S.C. § 1118, The Foundation asks the Court for an order forcing Defendant to deliver up for destruction all materials in Defendant's possession that infringe upon The Foundation's rights.

**SECOND CLAIM FOR RELIEF**
**Cancellation of Trademark Registrations Under 15 U.S.C. § 1120**

79.     The Foundation re-alleges and incorporates by reference, as if fully set forth herein, all of the preceding paragraphs.

80.     The Defendant applied for and fraudulently obtained Defendant Registrations. Statements made in each application for Defendant Registrations were false, and known in fact by Defendant to be false at the time these statement were made.

81.     Defendant procured Defendant Registrations by willfully making false representations of material fact in its trademark applications.

82.     Defendant willfully made these materially false statements with the intent to deceive the Trademark Office and to induce the Trademark Office to grant Defendant's applications for Defendant Registrations.  The Trademark Office reasonably relied upon the truth of Defendant's false statements, granted Defendant's applications for Defendant Registrations and allowed the continued registration of Defendant Registrations.

83.     Defendant Registrations also were obtained contrary to Sections 1052 and 1064 of the Lanham Act because the marks registered to Defendant under Defendant Registrations are being used by or with Defendant's permission in a manner so as to misrepresent the source of services offered in connection with THE MOUNTAINEERS mark.

84.     Defendant's uses infringe on the valid prior trademark rights established at common law by The Foundation prior to the filing of the applications to register Defendant Registrations.

85.     The Foundation has been harmed by Defendant Registrations.  Each of Defendant Registrations is required to be cancelled under 15 U.S.C. §§ 1064 and 1119.  Defendant is liable for The Foundation's damages under 15 U.S.C. § 1120.

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

### THIRD CLAIM FOR RELIEF
### Declaratory Judgment Under 28 U.S.C. § 2201

86.     The Foundation re-alleges and incorporates by reference, as if fully set forth herein, all of the preceding paragraphs.

87.     The Foundation is the prior, senior user of THE MOUNTAINEERS FOUNDATION mark in intrastate and interstate commerce, in connection with charitable fundraising and grant making services.

88.     An actual, substantial and justiciable controversy exists between the parties with respect to THE MOUNTAINEERS FOUNDATION mark and THE MOUNTAINEERS mark for use in association with charitable fundraising services.  The Foundation contends that it is the prior, senior user and owner of THE MOUNTAINEERS FOUNDATION mark and the prior user of THE MOUNTAINEERS mark in association with charitable fundraising services, and further contends that Defendant is using the mark in violation of The Foundation's rights under the Lanham Act, Washington law and at common law.   Defendant disputes The Foundation's contentions. A copy of Defendant's April 30, 2019 letter is attached hereto as **Exhibit M**.  On October 9, 2019, Defendant recently renewed the demands contained in this letter.

89.     The Foundation's use of THE MOUNTAINEERS FOUNDATION mark has not, does not and will not, (a) cause confusion or mistake or deceive the public in violation of Lanham Act § 32(1) (15 U.S.C. § 1114(1)); (b) constitute unfair competition or a false designation of origin in violation of Lanham Act § 43(a) (15 U.S.C. § 1125(a)); (c) constitute unfair competition or trademark infringement under state statutory or common law; or (d) otherwise violate state or federal statutory or common law.

90.     Defendant has abandoned any purported rights to THE MOUNTAINEERS and THE MOUNTAINEERS FOUNDATION by its failure to use, and intent not to resume use these marks in commerce. Alternatively, Defendant has expressly abandoned and/or engaged in naked

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

502611134 v1

licensing of these marks such that Defendant owns no rights to these marks and/or cannot enforce rights in these marks.

91.    The Foundation is entitled to a declaratory judgement that it is the prior, senior user of MOUNTAINEERS and the MOUNTAINEERS FOUNDATION marks in intrastate and interstate commerce for charitable fundraising services and that it owns common law rights in these marks in all states and territories in the United States as the prior user.

92.    The Foundation is entitled to a declaration that its use of MOUNTAINEERS and the MOUNTAINEERS FOUNDATION does and will not infringe Defendant's marks or otherwise violate the Lanham Act or common law.

93.    The Foundation is entitled to a declaration that Defendant abandoned its purported rights to THE MOUNTAINEERS and THE MOUNTAINEERS FOUNDATION marks without any intention to resume use for over three (3) years.

94.    The Foundation is entitled to a declaration that Defendant engaged in naked licensing of THE MOUNTAINEERS and THE MOUNTAINEERS FOUNDATION marks such that these marks are invalid and not enforceable.

## FOURTH CLAIM FOR RELIEF
### Trademark Infringement of Washington State Trademark Registration

95.    The Foundation re-alleges and incorporates by reference, as if fully set forth herein, all of the preceding paragraphs.

96.    Defendant's acts alleged herein and specifically, without limitation, Defendant's use of THE MOUNTAINEERS and THE MOUNTAINEERS FOUNDATION marks infringe upon The Foundation's registered trademark (THE) MOUNTAINEERS FOUNDATION under Wash. Rev. Code §§ 19.77.040, 19.77.140, and 19.77.150.

97.    Defendant's acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to The Foundation's intellectual property rights, business, reputation, and goodwill.

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

502611134 v1

98.     Defendant should be enjoined from using THE MOUNTAINEERS FOUNDATION.   Defendant should be enjoined from using THE MOUNTAINEERS in association with charitable fundraising services. Defendant's uses of these marks constitute trademark infringement such that The Foundation is entitled to recover any applicable injunctive relief and damages, including any profits derived from and/or all damages suffered by reason of wrongful use or display of the name THE MOUNTAINEERS FOUNDATION, destruction or delivery to The Foundation or this Court of any of Defendant's property or materials bearing the name THE MOUNTAINEERS FOUNDATION, reasonable attorneys' fees, and/or an amount not to exceed three times the profits and damages derived from Defendant's wrongful use or display of the name THE MOUNTAINEERS FOUNDATION.

**FIFTH CLAIM FOR RELIEF**
**Violation of Washington's Consumer Protection Act, Wash. Rev. Code § 19.86 et seq.**

99.     The Foundation re-alleges and incorporates by reference, as if fully set forth herein, all of the preceding paragraphs.

100.     The Foundation and Defendant are "persons" within the meaning of Wash. Rev. Code § 19.86.010(2).

101.     Defendant is engaged in "trade" or "commerce" within the meaning of Wash. Rev. Code § 19.86.010(2).

102.     The Washington Consumer Protection Act ("Washington CPA") makes unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Wash. Rev. Code § 19.86.020.

103.     By the acts described herein, Defendant engaged in unlawful, unfair, and deceptive business acts and practices within the meaning of the Washington CPA by causing likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective products or services; causing likelihood of confusion, or of misunderstanding as to the affiliation, connection, or association of Defendant, or Defendant's services with The Foundation's services;

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1  and using deceptive representations or designations of origin in connection with Defendant's
2  services.

3  104.    Defendant's business acts and practices are unlawful.

4  105.    Defendant's business acts and practices were fraudulent in that a reasonable person
5  would likely be deceived by their material misrepresentations and omissions.

6  106.    Defendant's business acts and practices were unfair in that the substantial harm
7  suffered by The Foundation outweighs any justification that Defendant may have for engaging in
8  those acts and practices.

9  107.    Defendant owed and continues to owe The Foundation a duty to refrain from the
10  above-described unfair and deceptive practices.

11  108.    Defendant knew or should have known that its conduct was in violation of the
12  Washington CPA.

13  109.    Defendant's acts alleged above have caused, and if not enjoined will continue to
14  cause, irreparable and continuing harm to the public, as well as The Foundation's marks, business,
15  reputation and goodwill.

16  110.    Defendant's business acts and practices are injurious to the public interest because
17  they have injured members of the public and have the capacity to injure members of the public.

18  111.    The Foundation has been harmed in its business and property, as a result of
19  Defendant's unlawful, unfair, and fraudulent business acts and practices.

20  112.    The Foundation has no adequate remedy at law because monetary damages are
21  inadequate to compensate The Foundation for the injuries caused by Defendant. Pursuant to Wash.
22  Rev. Code § 19.86.090, The Foundation is entitled to an order enjoining Defendant's unfair and/or
23  deceptive acts or practices, damages, punitive damages, and attorneys' fees, costs, and any other
24  just and proper relief available under the Washington CPA. Because Defendant's actions were
25  willful and knowing, The Foundation's damages should be trebled.

26

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

502611134 v1

## SIXTH CLAIM FOR RELIEF
### Common Law Trademark Infringement

113.    The Foundation re-alleges and incorporates by reference, as if fully set forth herein, all of the preceding paragraphs.

114.    Defendant's acts alleged herein and specifically, without limitation, Defendant's use of THE MOUNTAINEERS and THE MOUNTAINEERS FOUNDATION marks infringe upon The Foundation's exclusive trademark rights in the MOUNTAINEERS FOUNDATION mark.

115.    Defendant's acts alleged above constitute common law trademark infringement and unfair competition, and have caused, and if not enjoined will continue to cause, irreparable and continuing harm to The Foundation's intellectual property rights, business, reputation, and goodwill. The Foundation has no adequate remedy at law because monetary damages are inadequate to compensate The Foundation for the injuries caused by Defendant.

116.    Defendant acted with full knowledge of The Foundation's use of, and common law rights to, THE MOUNTAINEERS FOUNDATION mark and without regard to the likelihood of confusion of the public resulting from Defendant's activities.

117.    Defendant's actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with The Foundation's THE MOUNTAINEERS FOUNDATION mark to the great and irreparable injury of The Foundation.

118.    As a result of Defendant's acts, as alleged above, The Foundation has incurred damages in an amount to be proven at trial.  At a minimum, The Foundation is entitled to injunctive relief, to an accounting of Defendant's profits, damages and costs.

## SEVENTH CLAIM FOR RELIEF
### Unjust Enrichment

119.    The Foundation re-alleges and incorporates by reference, as if fully set forth herein, all of the preceding paragraphs.

120.    By misusing The Foundation's trademark, name and brand, Defendant incurred a benefit from The Foundation, to The Foundation's detriment.

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

502611134 v1

121. Defendant has appreciated that benefit. It has permitted Defendant to make use of The Foundation's trademark, name and brand to solicit and misdirect donations intended for The Foundation without incurring the expense of independently developing the goodwill associated with The Foundation's trademark, name and brand.

122. By reason of its above-described conduct, Defendant caused damage to The Foundation.

123. Defendant's acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendant through deceptive, unfair and unlawful means.

124. Equity cannot in good conscience permit Defendant to be economically enriched for its unjust actions at The Foundation's expense and in violation of state law. Therefore, restitution or disgorgement, or both, of such economic enrichment is required.

## VI.    PRAYER FOR RELIEF

WHEREFORE, The Foundation requests that the Court enter judgment against Defendant, as follows:

a. That the Court issue preliminary and permanent injunctive relief against Defendant, and that Defendant, its officers, agents, representatives, servants, employees, attorneys, successors, licensees and assignees and all others in active concert or participation with Defendant, be enjoined and restrained from continued acts of infringement of the trademarks at issue in this litigation, and to protect The Foundation's trademark rights, brand, and goodwill and in order to prevent further actual, threatened and inevitable infringement upon those rights by Defendant;

b. That the Court find Defendant's acts complained of herein unlawful as constituting unfair competition, false designation of origin, trademark infringement, violations of the Washington Consumer Protection Act, and unjust enrichment under the causes of action asserted under this Complaint;

c. That the Court order Defendant to expressly abandon its application for THE MOUNTAINEERS FOUNDATION, U.S. Serial No. 88/643474;

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

502611134 v1

d.      That the Court find that Defendant fraudulently obtained Defendant Registrations and/or are not entitled to Defendant Registrations, and issue an Order directing the Director of the United States Patent and Trademark Office to cancel U.S. Trademark Registration Nos. 5350305 and 5350307 from the Principal Register;

e.      That the Court require Defendant deliver up for destruction all labels, signs, prints, advertisements and other materials that infringe The Foundation's trademark rights and/or are a result of any false descriptions, false designation of origin, false representation or origin and false advertising by Defendant;

f.      That the Court order an accounting of all profits received by Defendant arising from the causes of action asserted in this Complaint;

g.      That the Court issue a declaratory judgment, pursuant to 28 U.S.C. §§ 2201(a) and 2202, and the Lanham Act, 15 U.S.C. § 1051 et eq., declaring that:

i.      The Foundation is the prior user of THE MOUNTAINEERS and THE MOUNTAINEERS FOUNDATION in association with charitable fundraising services in the United States and that The Foundation owns common law rights in these marks in all state and territories in the United States;

ii.     The Foundation's use of THE MOUNTAINEERS and THE MOUNTAINEERS FOUNDATION has not, does not and will not infringe Defendant's marks or otherwise violate the Lanham Act or common law;

iii.    Defendant expressly abandoned any rights to THE MOUNTAINEERS and THE MOUNTAINEERS FOUNDATION for use in association with charitable fundraising services, for over three (3) years, without any intention to resume use; and,

iv.     Defendant failed to police use of THE MOUNTAINEERS and THE MOUNTAINEERS FOUNDATION by The Foundation for approximately

COMPLAINT (2:19-cv-01819) - 24

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

502611134 v1

1                   fifty years and engaged in naked licensing, and is foreclosed from asserting

2                   rights in these marks.

3         h.      That the Court award The Foundation all gains, profits and advantage derived by

4   Defendant for its unlawful acts, including an award of increased profits;

5         i.      That the Court award The Foundation treble damages as provided by law;

6         j.      That the Court award The Foundation its attorneys' fees, expenses and costs

7   incurred herein, including prejudgment and post-judgement interest; and

8         k.      That the Court grant The Foundation all other relief to which it is entitled and such

9   other relief as the Court deems just and equitable.

10

11   Dated this 8th day of November 2019.

12                                     K&L GATES LLP

13                             By    s/ Pam K. Jacobson

14                                   Pam K. Jacobson, WSBA No. 31810
                                Ryan W. Edmondson, WSBA No. 41651

15                                   K&L GATES LLP
                                925 4th Ave., Suite 2900

16                                   Seattle, WA 98104
                                Phone:  (206) 370-7605

17                                   pam.jacobson@klgates.com
                                ryan.edmondson@klgates.com

18

19                                   *Attorneys for Plaintiff*

20                                   *Mountaineers Foundation*

21

22

23

24

25

26

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

502611134 v1