1
2
3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| MOUNTAINEERS FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>THE MOUNTAINEERS,<br><br>Defendants. | Case No. C19-1819 RSL-TLF<br><br>ORDER REGARDING THE DESIGNATION OF DONOR INFORMATION AS ATTORNEY'S EYES ONLY |
|---|---|

This matter comes before the Court on plaintiff's Motion for Entry of ESI Order (Dkt. 22) and Motion for Protective Order (Dkt. 24). The Court held hearings on March 13, 2020 (Dkt. 40), April 10, 2020 (Dkt. 44) and ordered supplemental briefing for the hearing on May 6, 2020 (Dkt. 57).

The parties have submitted an Agreement Regarding Discovery of Electronically Stored Information (Dkt. 58) and a Stipulated Protective Order (Dkt. 59). The final remaining issue was the issue of attorney-eyes-only designations regarding top-level executives. The parties have entered into a stipulated protective order that provides, in part: "A party may designate as "CONFIDENTIAL - ATTORNEY EYES ONLY" any Confidential material that the party believes in good faith is of such an extremely sensitive or secret nature that disclosure of such information to any other party or non-party reasonably poses the risk of competitive injury and may compromise and/or jeopardize its business interests even if protected by a Confidential designation." Dkt. 59 at 2-3.

The Court ordered supplemental briefing on the issue of attorney-eyes-only designations, specifically pertaining to information about supporters and donors of plaintiff's non-profit entity. The defendant argues that there is no basis for the use of attorney-eyes-only designations for plaintiff's donor list. Dkt. 46 at 2. Defendant further contends that plaintiff's proposed designations would unduly prejudice and impair defendant's ability to litigate the current action. *Id*. Accordingly, defendant requests that the Court appropriately and explicitly limit the categories of attorney-eyes-only designation categories. *Id*.

In the alternative, defendant request that the Court uphold the Court's previous Order directing the parties to identify non-attorney individuals at the top ties of their organizations to review donor and volunteer information otherwise designated as attorney-eyes-only. Dkt. 46 at 2.

Plaintiff argues its donor lists are confidential trade secrets and the Court should allow plaintiff to designate its donor list as attorney-eyes-only, without any exception that would allow a client representative to view that data. Dkt. 49 at 2. Plaintiff contends defendant's request that defendant's CEO and Director of Development be allowed access to the donor list "serves no legitimate purpose and threatens Plaintiff's confidential business information as well as the privacy interest of its donors and supporters." *Id*. at 3. Therefore, plaintiff requests that any donor information produced by either party be subject to an attorney's eyes-only designation. *Id*. Plaintiff contends that this will allow full and fair access to information without placing organizational and privacy interests at risk. *Id*.

## Discussion

Determining whether a protective order is appropriate requires the Court to consider competing interests. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). There is an interest in a thorough investigation of facts: Discovery of information that is relevant to claims and defenses is crucial to the fairness and accuracy of factual development in litigation. *Id.*; Fed. R. Civ. P. 26(b)(1)). And, there is an interest in respecting the need to maintain confidentiality of information for which there is a privacy protection: A responding party is entitled to protection from "undue burden" in discovery, including the protection of confidential materials. *Id.* (quoting Fed. R. Civ. P. 26(c)).

Context of the risks and safeguards -- as they develop in relation to claims and defenses in a specific case -- is also a factor for the Court to carefully evaluate. *Brown Bag Software v. Symantec Corp.*, at 1470-1472. The context of this case is allegations of trademark infringement; the relevant inquiry is whether there exists a likelihood of confusion. *MAI Systems Corp. v. Peak Computer Inc.*, 991 F.2d 511, 523 (9th Cir. 1993). This case involves competing allegations of trademark infringement. Dkt. 1, 38. Both parties contend that the other party's continued use of the alleged trademarks has and will continue to cause confusion amongst consumers, donors and the public. Dkt. 1 at ¶¶ 66, 67, 70, 73, 116, Dkt. 38 at ¶¶ 3.24, 4.3, 5.2, 6.3.

The legal test for determining the likelihood of confusion asks whether the alleged use of a trademark by a non-trademark holder is "likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection, or association" of the two

products or parties. *See, Mattel Inc. v. Walking Mountain Productions*, 353 F.3d 792, 807 (9th Cir. 2003).

To determine whether a likelihood of confusion exists, the Court must weigh the following factors:

(1) the strength of the mark;
(2) the proximity of the goods [or services];
(3) the similarity of the marks;
(4) evidence of actual confusion;
(5) marketing channels used;
(6) the type of goods [or services] and the degree of care likely to be exercised by the purchaser;
(7) defendant's intent in selecting the mark; and
(8) likelihood of expansion of the product [or service] lines.

*La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 874 (9th Cir. 2014).

The Court must balance the risk of inadvertently disclosing confidential information to competitors against the risk that tightly-held protection of confidential information will impair the ability to effectively and quickly litigate this action. The Court is sensitive to plaintiff's concerns regarding third party donor and volunteer privacy interests; yet, in light of the claims of donor confusion and the Ninth Circuit's multi-factor test for assessing the likelihood of confusion, it would be unduly burdensome for the parties to prosecute this action without having counsel collaborate with the top executives in their non-profit client entities as the discovery process moves forward. The precise terms of the protective order, along with the "agreement to be bound", will provide the protection needed – and will inform the top executives who have been designated to have access to any confidential information, that their obligations of maintaining confidentiality are important to the integrity of the litigation as ordered by the Court. Dkt. 59 at 13.

Accordingly, the Court's ruling balances these interests and will allow for the parties to designate donor information as attorney-eyes-only, with the caveat that two top level individuals within each organization may review the confidential information. Plaintiff has designated Mindy Roberts and Nancy Neyenhouse as the reviewing individuals within their organization. Dkt. 59 at 4-5. Defendant has designated Tom Vogl and Amber Carrigan as the two top level individuals within their organization who may review the data. *Id.* Of course counsel will consult with their clients about the importance of respecting the Court's order regarding confidentiality in this matter.

## Conclusion

Based on the foregoing, the parties' oral arguments, and the record, the Court ORDERS:

(1) The parties may designate donor information as attorney-eyes-only, with the caveat that two top level individuals within each organization may review the donor information.

(2) The Court finds that the provision regarding attorney eyes-only designations contained in the parties' Stipulated Protective Order (Dkt. 59) is appropriate under Fed. R. Civ. P. 26(b)(1) and 26(c); *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992).

Dated this 8th day of May, 2020.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge