1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

MOUNTAINEERS FOUNDATION,

10

Plaintiff,

11

v.

12

THE MOUNTAINEERS,

13

Defendant.

Case No. C19-1819-RSL-TLF

ORDER ADOPTING IN
PART REPORT AND
RECOMMENDATION

14

15    The Court, having reviewed the Report and Recommendation of the Honorable Theresa

16  L. Fricke, United States Magistrate Judge (Dkt. # 129), plaintiff's objections to the Report and

17  Recommendation (Dkt. # 130), defendant's objections to the Report and Recommendation (Dkt.

18  # 131), the parties' responses to the objections (Dkts. # 132 & 133), and all other relevant

19  documents adopts the Report and Recommendation in part.

20    A district court has jurisdiction to review a Magistrate Judge's report and

21  recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "A judge of the court may accept,

22  reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

23  judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and

24  recommendation to which a party makes a specific written objection. United States v. Reyna-

25  Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district

26  judge must review the magistrate judge's findings and recommendations de novo if objection is

27  made, but not otherwise." Id.

28      **I.      Plaintiff's Objections**

ORDER ADOPTING IN PART
REPORT AND RECOMMENDATION - 1

1    The Court first addresses objections made by plaintiff, the Mountaineers Foundation.

2    **A. Plaintiff Objects to the R&R's Conclusion That an Easement Exists**

3    Plaintiff argues that the Report "erroneously concludes the Mountaineers have an

4    enforceable easement to continued use of the Preserve for historic and present uses." Dkt. # 130

5    at 3. Specifically, plaintiff believes this conclusion is erroneous because in Washington, any

6    interest in real property, including easements, must be conveyed by a deed complying with the

7    statute of frauds, not, as is the case here, by mere contract. Id. at 3-6. The Court agrees.

8    Under Washington law, the conveyance of real property rights, including easements,

9    must be accomplished by deed, in writing, signed by the bound parties, and acknowledged by a

10   person authorized to take acknowledgments of deeds. Bale v. Allison, 173 Wn. App. 435, 445

11   (2013) (citing RCW 64.04. 010, .020). Here, the only instrument satisfying these requirements is

12   the warranty deed transferring ownership of the preserve from The Mountaineers to the

13   Foundation. Dkt. # 129 at 41. The parties agree that the warranty deed does not reserve an

14   easement (nor other ownership rights) for The Mountaineers. See Dkt. 89-1, Correction Deed

15   (08/4/1987), at 10.

16   The Washington Supreme Court has stated that "[t]he intent of the original parties to an

17   easement is determined from the deed as a whole. If the plain language is unambiguous,

18   extrinsic evidence will not be considered." Sunnyside Valley Irr. Dist. v. Dickie, 149 Wn. 2d

19   873, 880 (Wash. 2003). For example, in Newport Yacht Basin Association, the court of appeals

20   held that the trial court had erred in considering extrinsic evidence when determining whether a

21   quitclaim deed was actually intended to convey an easement. Newport Yacht Basin Assn. of

22   Condo. Owners v. Supreme Nw., Inc., 168 Wn. App. 56, 71-72 (Wash. Ct. App. 2012). The trial

23   court had considered (1) a real estate tax affidavit filed with the quitclaim deed, describing the

24   deed as a "document in correction of easements" and (2) comments made at contemporaneous

25   board meetings regarding the acquirement of "easements" through quitclaim deeds. Id.

26   However, the court of appeals held that because the language of the quitclaim deed was

27   unambiguous, such extrinsic evidence should not be considered and no easement was created.

28   Id. Here, the language of the warranty deed is similarly unambiguous. Accordingly, the Court

ORDER ADOPTING IN PART
REPORT AND RECOMMENDATION - 2

1    declines to adopt the Report and Recommendation's discussion of the easement issue. Because

2    the determination of whether an easement exists is critical to the analysis of whether the

3    Foundation validly terminated The Mountaineer's access rights to the Preserve, the Court also

4    declines to adopt the Report and Recommendation's discussion of the easement termination

5    issue.

6            Defendant notes that the "statute of frauds does not apply where the easement is in

7    writing, the easement was intended by the parties, and where there has been at least part

8    performance by the parties." Dkt. # 132 at 3 (citing Kirk v. Tomulty, 66 Wn. App. 231, 237

9    (1992)). However, the issue of whether the alleged easement may be taken outside the statute of

10   frauds by the doctrine of part performance was first raised in defendant's reply to plaintiff's

11   opposition to defendant's motion for summary judgement (Dkt. # 116) and thus has not been

12   adequately briefed for the Court's consideration. Accordingly, the Court requests additional

13   briefing from the parties addressing how the doctrine of part performance applies to the property

14   rights at issue here. The Court asks defendant to provide supplemental briefing on this issue by

15   March 1, 2023. Plaintiff will have until March 15, 2023 to provide a response. Defendant will

16   have until March 24, 2023 to file an optional reply. Both parties' submissions shall comport

17   with the word count limitations set forth in Local Rule 7(e)(4).

18                **B. Plaintiff Objects to Report's Conclusion That Defendant Has a Protectible**

19                     **Interest in Its MOUNTAINEERS Marks**

20           Plaintiff also objects to the Report's conclusion that defendant has a protectible interest in

21   its MOUNTAINEERS marks. Specifically, plaintiff argues (1) there are disputed questions of

22   material fact regarding third parties' use of similar marks; (2) there are disputed questions of

23   material fact regarding the genericism of defendant's marks. Dkt. # 130 at 8-12.

24           As to plaintiff's first objection, the evidence it claims was overlooked by the Report is

25   hearsay. See Ponds v. Veterans Med. Rsch. Found., No. C12-1745-BEN-BGS, 2013 WL

26   607847, at *3 n.1 (S.D. Cal. Feb. 15, 2013) ("Screen shots of internet web pages are not usually

27   admissible to prove the truth of statements contained therein."); see also Bauman v.

28   DaimlerChrylser AG, No. C04-00194-RMW, 2005 WL 3157472, at *10 n.5 (N.D. Cal. Nov. 22,

ORDER ADOPTING IN PART
REPORT AND RECOMMENDATION - 3

1  2005) (noting that web pages provided only unauthenticated hearsay). Even assuming that

2  plaintiff could submit the underlying facts in admissible form at trial, *see* Fed. R. Civ.

3  P. 56(c)(4); <u>JL Beverage Co., LLC v. Jim Beam Brands Co.</u>, 828 F.3d 1098, 1110 (9th Cir.

4  2016) (noting that "at summary judgment a district court may consider hearsay evidence

5  submitted in an inadmissible form, so long as the underlying evidence could be provided in an

6  admissible form at trial"), the proffered web pages still do not compel reconsideration of the

7  Report's conclusion or analysis.

8         As to plaintiff's second objection regarding the Report's recommendation that the Court

9  find defendant's marks are not generic, the objections simply restate the arguments from

10 plaintiff's original briefing. These arguments were addressed by Magistrate Judge Fricke's

11 Report and Recommendation. Moreover, the Court has thoroughly examined the record before it

12 and finds Magistrate Judge Fricke's reasoning persuasive in light of that record.

13         Therefore, the Court ADOPTS the Report and Recommendation's reasoning as to the

14 defendant's trademark interest in its MOUNTAINEERS marks.

15         **C. Plaintiff Objects to Report's Conclusion That the Declaration of Norman**

16             **Winn Should Not Be Considered**

17         Finally, plaintiff objects to the Report's conclusion that this Court should decline to

18 consider the Declaration of Norman Winn. Plaintiff's objection essentially restates the

19 arguments it presented in its initial briefing. The Court has examined the record before it and

20 finds Magistrate Judge Fricke's reasoning persuasive in light of that record.[1]

21         Accordingly, the Court ADOPTS the Report and Recommendation's reasoning and

22 conclusion with regard to the declaration of Norman Winn.

23         **II.    Defendant's Objections**

24         The Court next addresses objections made by defendant The Mountaineers.

25

26

27         [1] Plaintiff's argument that the declaration could be admitted to evidence under the residual

28 hearsay exception of Federal Rule of Evidence 807 does not change the conclusion here.

ORDER ADOPTING IN PART
REPORT AND RECOMMENDATION - 4

**A. Defendant Objects to Report's Conclusion That Existence of a License Cannot Be Established on Summary Judgment**

Defendant objects to the Report's conclusion that there are disputed factual questions precluding summary judgment regarding the existence of a license for the MOUNTAINEERS mark. Dkt. # 131 at 5. Specifically, defendant argues that the only evidence of a factual dispute comes from the declaration of Paul Robisch. Id. at 5-6. However, the Report also states:

> Although the record indicates that The Mountaineers and the Foundation operated cooperatively for many years, the record contains conflicting testimony regarding the existence of a licensing agreement, any alleged essential terms, and the effect of any such licensing agreement. See, Dkt. 92, Deposition of Joan Hansen, at 5-27; Dkt. 92, Deposition of the Foundation, at 29-70; Dkt. 92, Deposition of Paul Robisch, at 93-102.

Dkt. # 129 at 11. Thus, the declaration of Paul Robisch was not the only evidence considered by Magistrate Judge Fricke in recommending that the Court decline to grant summary judgment on the issue of licensing. Moreover, the Court has examined the record before it and finds Magistrate Judge Fricke's reasoning persuasive in light of that record. The Court ADOPTS the report's conclusion that there are disputed factual questions regarding the existence of a license and DENIES defendant's motion for summary judgment on this issue.

**B. Defendant Objects to Report's Conclusion That Likelihood of Confusion Cannot Be Established on Summary Judgment**

Defendant also objects to the Report's conclusion that there are disputed factual questions precluding summary judgment regarding likelihood of confusion.

First, defendant argues that the Report "ignores" the fact that plaintiff's complaint alleges a likelihood of confusion, and that such allegations are binding judicial admissions. Dkt. # 131 at 8-9. "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them." Am. Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988) (internal quotations and citations omitted); see also Ishow.com,

ORDER ADOPTING IN PART
REPORT AND RECOMMENDATION - 5

1    Inc. v. Lennar Corp., No. C15-1550-RSL, 2017 WL 3020927, at *3 (W.D. Wash. July 14, 2017)

2    (finding that defendants had "admitted that there was a likelihood of consumer confusion once

3    both parties entered the residential homebuilding market" and that this pleading could be "used

4    as an admission that likelihood of confusion is established for infringement purposes"). The

5    doctrine of judicial admission does not extend to an alleged admission made in a separate case

6    from the present action. See Casa del Caffe Vergnano S.P.A. v. ItalFlavors, LLC, 816 F.3d

7    1208, 1213 (9th Cir. 2016).

8            While plaintiff undoubtedly used broad language in its complaint that supports

9    defendant's argument that it admitted a likelihood of confusion between the two marks, see Dkt.

10   # 1 at 14-16, ¶¶ 66, 70, 71, 73, the Court declines to find plaintiff has made a binding admission

11   with regard to likelihood of confusion. First, when read in the context of the full complaint, it is

12   apparent that plaintiff's allegations of likelihood of confusion are closely tied to its allegations

13   that defendant made "misleading statements" when using plaintiff's mark and requested "that

14   any donations to the Mountaineers Foundation be sent to defendant." Dkt. # 133 at 7. This is

15   distinct from an allegation that mere coexistence of the two entities using the disputed

16   intellectual property is likely to cause confusion. Second, plaintiff's complaint clearly states that

17   it does not believe its own use of the relevant mark causes or will cause confusion. Dkt. # 1 at

18   18, ¶ 89. While these stances may seem inconsistent, inconsistent pleading is permitted under

19   the Rules. See Fed. R. Civ. P. 8(d)(3).

20           Second, defendant argues that likelihood of confusion is conclusively established by the

21   continued unauthorized use of a licensor's trademark by a licensee. Dkt. # 131 at 9. Because the

22   Court adopts the Report's conclusion that the existence of a license cannot be determined at the

23   summary judgment stage, this objection has no bearing on the Court's analysis.

24           Third, defendant argues that the Report erred in "evaluating the evidence" with regard to

25   the Sleekcraft factors. Dkt. # 131 at 9. Primarily, defendant argues that because plaintiff either

26   did not put forward evidence on certain Sleekcraft factors or put forward evidence defendant

27   considers insufficient to create a factual dispute, summary judgment should be granted in its

28   favor. Id. at 9-12. Defendant takes issue with the Report for "opin[ing] . . . that there is other

ORDER ADOPTING IN PART
REPORT AND RECOMMENDATION - 6

1  evidence it would like to consider that no party offered" stating that "that is not the standard on

2  summary judgment; the standard is whether there are undisputed facts in the record." Id. at 11.

3      However, as an initial matter, "[w]hen the party moving for summary judgment would

4  bear the burden of proof at trial, it must come forward with evidence which would entitle it to a

5  directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has

6  the initial burden of establishing the absence of a genuine issue of fact on each issue material to

7  its case." C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc., 213 F.3d 474, 480 (9th Cir.

8  2000). Furthermore, as the Report notes, "[d]ue to the fact-intensive inquiry necessary to

9  evaluate each of these factors, summary judgment on likelihood of confusion grounds is

10 generally disfavored." Dkt. # 129 (citing JL Bev. Co. LLC v. Jim Beam Brands, Co., 828 F.3d

11 1098, 1105 (9th Cir. 2016)). Here, the Report found that defendant had not met its burden of

12 coming forward with evidence "which would entitle it to a directed verdict." The Court

13 ADOPTS the report and recommendation on this issue and DENIES defendant's motion for

14 summary judgment on the issue of likelihood of confusion.

15      For all the foregoing reasons, it is HEREBY ORDERED:

16      1. The Court ADOPTS the reasoning and conclusions of the Report and

17         Recommendation with the exception of the Report's discussion of the easement issue.

18         The Court requests additional briefing from the parties addressing how the doctrine of

19         part performance applies to the property rights at issue here. The Court asks defendant

20         to provide supplemental briefing on this issue by March 1, 2023. Plaintiff will have

21         until March 15, 2023 to provide a response. Defendant will have until March 24, 2023

22         to file an optional reply. Both parties' submissions shall comport with the word count

23         limitations set forth in Local Rule 7(e)(4).

24      2. The Court DENIES the Foundation's motion for partial summary judgment (Dkt.

25         # 87).

26      3. The Court GRANTS IN PART and DENIES IN PART The Mountaineers' cross-

27         motion for summary judgement (Dkt. # 91). Specifically, the Court finds:

28

ORDER ADOPTING IN PART
REPORT AND RECOMMENDATION - 7

a.  The Mountaineers own a protectable trademark interest in the 305 Mark (THE MOUNTAINEERS word mark), the 307 Mark (THE MOUNTAINEERS design mark), and the 968 Mark (MOUNTAINEERS BOOKS word mark) for charitable fundraising services for the environment, conservation, outdoor recreation, outdoor education, and natural history, and books in the field of environmental conservation, outdoor recreation, and natural history.

b.  The Mountaineer marks are not generic for charitable fundraising services for the environment, conservation, outdoor recreation, outdoor education, and natural history, and books in the field of environmental conservation, outdoor recreation, and natural history.

c.  The Mountaineers has not abandoned their trademark rights for charitable fundraising services.

4.  The Court strikes the Foundation's Fifth Affirmative Defense and the Foundation's Sixth Affirmative Defenses as to charitable fund-raising services.

5.  All remaining claims in this action should proceed.

6.  The Clerk is directed to send a copy of this Order to Judge Fricke and the parties in this action.


DATED this 8th day of February, 2023.


Robert S. Lasnik
United States District Judge

ORDER ADOPTING IN PART
REPORT AND RECOMMENDATION - 8