UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOUNTAINEERS FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>THE MOUNTAINEERS,<br><br>Defendant. | Case No. C19-1819RSL-TLF<br><br>ORDER ON<br>SUPPLEMENTAL BRIEFING |

This matter comes before the Court on "Defendant The Mountaineers' Supplemental Briefing." (Dkt. # 135). The Court, having reviewed the submissions of the parties and the remainder of the record, finds as follows:

**I.      Background**

On April 8, 2022, Magistrate Judge Theresa L. Fricke issued a Report and Recommendation, recommending that the Court deny plaintiff, the Mountaineers Foundation's, motion for partial summary judgment (Dkt. # 87), and grant in part and deny in part defendant, The Mountaineers', motion for summary judgment (Dkt. # 91). Dkt. # 129 at 48. As relevant here, the Report concluded that The Mountaineers had a valid easement granting it access to the Kitsap Rhododendron Preserve (the "Preserve"), property owned by the Mountaineers Foundation. *Id.* at 49-50. The Report thus recommended that summary judgment be granted to defendant on its seventh counterclaim, which asks the Court to enter a declaratory judgment finding that The Mountaineers have an enforceable property right to continued use of the Preserve for historic and present uses. *Id.*

ORDER ON SUPPLEMENTAL BRIEFING - 1

1         In its Objections to the Report & Recommendation, plaintiff argued that the Report
"erroneously concludes the Mountaineers have an enforceable easement to continued use of the
Preserve for historic and present uses." Dkt. # 130 at 3. Specifically, plaintiff noted that in
Washington, any interest in real property, including easements, must be conveyed by a deed
complying with the statute of frauds, not, as is the case here, by mere contract. *Id.* at 3-6.
Defendant also submitted Objections to the Report & Recommendation, noting that the "statute
of frauds does not apply where the easement is in writing, the easement was intended by the
parties, and where there has been at least part performance by the parties." Dkt. # 132 at 3
(citing *Kirk v. Tomulty*, 66 Wn. App. 231, 237 (1992)).

        The Court agreed with plaintiff's argument that typically, an easement can only be
created under Washington law by a deed complying with the statute of frauds, and declined to
adopt the Report and Recommendation's conclusion as to the existence of an easement. Dkt.
# 134 at 2-3. However, the Court concluded that the issue raised by defendant – whether the
alleged easement may be taken outside the statute of frauds by the doctrine of part performance
– was not adequately briefed for the Court's consideration.[1] Dkt. # 134 at 3. Accordingly, the
Court requested additional briefing from the parties addressing how the doctrine of part
performance applies to the property rights at issue here. *Id.*

        In its supplemental briefing, defendant argues that the doctrine of part performance takes
the easement outside the statute of frauds. Dkt. # 135 at 7. Specifically, defendant contends that
an easement was created under *Kirk v. Tomulty* because there was part performance of an
agreement as well as acceptance of a benefit by plaintiff. *Id.* at 9. Defendant also contends that
the easement satisfies the three-factor part performance test used by Washington courts. *Id.* at
11. Plaintiff contends that defendant fails the three-factor part performance test. Dkt. # 136 at 1.

## II. Legal Standard

The parties offer the supplemental briefing under discussion in the context of their cross-motions for summary judgment. A party is entitled to summary judgment if the "movant shows

---

[1] The issue of part performance was first raised by defendant in its summary judgment reply brief. *See* Dkt. # 116.

ORDER ON SUPPLEMENTAL BRIEFING - 2

that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must "view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014). Although the Court must reserve genuine issues regarding credibility, the weight of the evidence, and legitimate inferences for the trier of fact, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

"[W]hen simultaneous cross-motions for summary judgment on the same claim are before the court, the court must consider the appropriate evidentiary material identified and submitted in support of both motions, and in opposition to both motions, before ruling on each of them." *Tulalip Tribes of Wash. v. Washington*, 783 F.3d 1151, 1156 (9th Cir. 2015) (quoting *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1134 (9th Cir. 2001)).

### III.    Discussion

To determine whether a property right exists, this Court looks to state law. *Boone v. Redevelopment Agency of City of San Jose*, 841 F.2d 886, 893 (9th Cir. 1988). "Federal courts are bound by the pronouncements of the state's highest court on applicable state law." *Southern California Edison Co. v. Lynch*, 307 F.3d 794, 812 (9th Cir. 2002). Under Washington law, the conveyance of real property rights, including easements, must be accomplished by deed, in writing, signed by the bound parties, and acknowledged by a person authorized to take acknowledgments of deeds. *Bale v. Allison*, 173 Wn. App. 435, 445 (2013) (citing RCW 64.04. 010, .020). The requirement that a conveyance of land be made by written deed "stems from the statute of frauds, which 'was originally enacted to prevent fraud and perjury by requiring that certain enumerated agreements and conveyances be in writing.'" *Dankievitch v. Lawrence*, 22 Wn. App. 2d 749, 757 (2022) (quoting *Mobley v. Harkins*, 14 Wn. 2d 276, 283 (1942)). Here, the parties agree that there is no instrument that both complies with this requirement and creates an easement for The Mountaineers. Dkt. # 129 at 41; *see* Dkt. 89-1 at 10.

ORDER ON SUPPLEMENTAL BRIEFING - 3

However, under the doctrine of part performance, "an agreement to convey an estate in real property which is not in writing in compliance with the requisites of RCW 64.04.010 and .020 may be proved without a writing, and specifically enforced, if there is sufficient part performance of the agreement." *Berg v. Ting*, 125 Wn. 2d 544, 556 (1995) (citing *Miller v. McCamish*, 78 Wn. 2d 821, 826 (1971)). "Equity should intervene to deny one party what would clearly be an unjust enrichment as long as the character, terms and existence of the contract can be clearly and unequivocally established to the satisfaction of the court." *Kirk v. Tomulty*, 66 Wn. App. 231, 237 (1992) (citation omitted). In part performance cases, the key inquiry is whether the grantor intended to convey an easement. *Id.*; *Proctor v. Huntington*, 146 Wn. App. 836, 853 (2008), *aff'd*, 169 Wn. 2d. 491 (2010). A court should grant specific performance "where the acts allegedly constituting the part performance point unmistakably and exclusively to the existence of the claimed agreement." *Miller*, 78 Wn. 2d at 826. If these acts instead "point to some other relationship . . . or may be accounted for on some other hypothesis, they are not sufficient." *Id.* (quoting *Granquist v. McKean*, 29 Wn. 2d 440, 445 (1947)).

Courts consider the following three factors in determining whether there has been part performance of an agreement sufficient to take it out of the statute of frauds: "(1) delivery and assumption of actual and exclusive possession; (2) payment or tender of consideration; and (3) the making of permanent, substantial and valuable improvements, referable to the contract." *Berg*, 125 Wn. 2d at 556 (citations omitted). The law is unsettled as to how many factors must be satisfied to establish part performance. *Id.* at 558. Although courts generally find part performance where two of the three factors are present, "there is no absolute rule that two of the three factors must be present for the doctrine of part performance to take a real estate conveyancing agreement out of the statute of frauds." *Id.* The Court addresses each factor in turn.

### A. Actual and Exclusive Possession

With regard to the first factor, defendant claims that it has actually used the Preserve for decades, and its use of the Preserve has been uninterrupted for the entirety of the easement's existence. *Id.* However, plaintiff argues that defendant does not have actual and exclusive

ORDER ON SUPPLEMENTAL BRIEFING - 4

possession because plaintiff owns the property and actively uses the property, as well as keeping it open to the general public, conducting programs, and organizing volunteer projects. Dkt. # 136 at 6.

The first factor "has diminished probative value because possession of an easement will never be exclusive." *Golphenee v. Pondilla Ests. Cmty. Ass'n*, 198 Wn. App. 1032, 2017 WL 1314216, at *4 (2017). Here, although defendant has established that it used the Preserve continuously for decades, this use was not exclusive as the Preserve was also used by plaintiff and accessed by the general public. However, given that possession of an easement will never be exclusive, this factor does not weigh heavily in either direction.

### B. Consideration

With regard to the second factor, defendant contends that there was an exchange of consideration in the form of a tax reduction pursuant to the Open Space Agreement[2] as well as the conveyance of the Preserve itself, which The Mountaineers claim would not have been transferred to the Mountaineers Foundation without the inclusion of an easement. Dkt # 135 at 12. Plaintiff argues that any tax breaks it received cannot constitute consideration because the benefit did not flow from defendant to plaintiff but was a result of plaintiff's status as "an appropriate entity holding land for conservation purposes." Dkt. # 136 at 6-7.

Courts have noted that "payment of consideration, when standing alone, is of less cogency than the others in determining whether there has been sufficient part performance." *Wagers v. Associated Mortg. Invs.*, 19 Wn. App. 758, 766 (1978). This factor can be satisfied by monetary payments made in exchange for use of the land. *Powers v. Hastings*, 93 Wn. 2d 709, 717 (1980); *Golphenee*, 198 Wn. App. at *4; *Dankievitch*, 22 Wn. App. 2d at 758. However, consideration can also take other forms. *See Berg*, 125 Wn. 2d at 557 (explaining that consideration was established by "the Bergs' withdrawal of their opposition to the subdivision proposal" in exchange for an easement right). Here, the Court agrees that the tax benefits the

---

[2] Beginning in the 1970s, The Mountaineers entered into an Open Space Taxation Agreement (the "Open Space Agreement") with Kitsap County, placing the Preserve into protected status. Dkt. # 95-8. When the Mountaineers transferred ownership of the Preserve to the Mountaineers Foundation, the Foundation took its interest in the Preserve subject to the Open Space Agreement. Dkt. # 135 at 4.

ORDER ON SUPPLEMENTAL BRIEFING - 5

Foundation receives under the Open Space Agreement are attributable to Washington state law and the Foundation's operation of the Preserve, not the actions of defendant.[3] As to defendant's argument that transfer of the Preserve itself was consideration, defendant has not met its burden of showing that there are no issues of material fact with regard to the question of whether the transfer of the Preserve was conditioned on creation of an easement, rather than a revocable license as plaintiff argues. However, even if the Court were to find the consideration factor to be satisfied, "consideration alone is insufficient evidence of part performance to take the grant of easement out of the statute of frauds." *Id.* at 558.

### C. Improvements

As to the final factor, defendant argues that it made substantial improvements to the Preserve. Specifically, defendant contends that it negotiated and obtained additional easements from other property owners, extending road access to portions of the Preserve, which constituted a valuable improvement to both parties' property interests. Dkt. # 135 at 12. Plaintiff argues that any improvements made by defendant to the Preserve "arose out of Defendant's contractual obligations to Plaintiff and do not evidence existence of an easement." Dkt. # 136 at 7.

The third factor, whether substantial and valuable improvements were made, "has been characterized as the 'strongest and most unequivocal act' and the 'highest evidence' of part performance." *Powers*, 93 Wn. 2d at 722 (quoting *Henrikson v. Henrikson*, 143 Wis. 314, 321 (1910)). The key question with regard to this factor is whether the improvements were made "in reference to the agreement" at issue. *Golphenee*, 198 Wn. App. at *4; *Berg*, 125 Wn. 2d at 556.

Here, to the extent that defendant relies upon the general maintenance it performed on the Preserve to evidence improvements, the Court is unpersuaded. Defendant was under a contractual obligation to "maintain the buildings, trails, roads and other appurtenances on the property at [Defendant's] expense." Dkt. # 89-1 at 6; *see also id.* at 17-18, 24. Thus, the fact that

---

[3] It is well established that consideration is "'any act, forbearance, creation, modification or destruction of a legal relationship, or return promise given in exchange.'" *Labriola v. Pollard Grp., Inc.*, 152 Wn. 2d 828, 833 (2004) (quoting *King v. Riveland*, 125 Wn. 2d 500, 505 (1994)). Here, defendant fails to identify how the potential tax benefit to plaintiff was the result of any act, forbearance or return promise by defendant.

ORDER ON SUPPLEMENTAL BRIEFING - 6

defendant made these improvements is not conclusive evidence that an easement was intended or created, nor is it clear that defendant made these improvements pursuant to the purported easement (as opposed to pursuant to its contractual obligation).

To the extent defendant relies on the fact that it negotiated easements with neighboring landowners, these "improvements" to plaintiff's land are not "referable to the contract." *Berg*, 125 Wn. 2d at 556. Where courts have found improvements tending to show the existence of an easement, those improvements have been specifically permitted or anticipated by the purported easement agreement. *See Kirk*, 66 Wn. App. at 238 (finding part performance was met where the relevant "improvement" was an access road built across the servient estate pursuant to the purported easement agreement which provided an easement "for ingress, egress and utility purposes"); *Golphenee*, 198 Wn. App. at *4 (finding that the third factor was "satisfied because a bulkhead was built in reference to the agreement" to grant an easement); *Pardee v. Jolly*, 163 Wn. 2d 558, 568 (2008) (finding that the third factor was met because the option contract at issue provided Pardee "with the right to improve the property and testimony established that Pardee made permanent, substantial, valuable improvements to the house"). Here, defendant has not established that the easements it helped negotiate were negotiated "in reference" to the agreement that allegedly created an easement. Accordingly, the Court finds that the third factor is not met.

Having analyzed the three factors, the Court concludes that defendant has failed to establish that an easement exists under the doctrine of part performance.

### D. Clear and Unequivocal Terms, Character, and Existence of the Easement

If a party successfully establishes that there has been part performance under the three-part test, it must then demonstrate that the "character, terms and existence of the contract can be clearly and unequivocally established to the satisfaction of the court." *Kirk*, 66 Wn. App. at 237; *Berg*, 125 Wn. 2d at 561.

Here, defendant has failed to meet the three-part test. However, the Court finds that even if defendant could make a showing under this test, it is unable to demonstrate that the "character, terms and existence of the contract" can be unequivocally established. Defendant directs the

ORDER ON SUPPLEMENTAL BRIEFING - 7

Court to a series of contractual agreements between the parties containing myriad responsibilities. None of these contracts use the term "easement," or language indicative of an intent to create an easement right rather than a license. *See* Dkt. # 89-1 at 5, 7 (Conservancy Agreement stating "The Mountaineers may continue to occupy, use and maintain the Preserve in accordance with its historic uses and in accordance with the terms of this Agreement and the Management Agreement" and "The Mountaineers shall retain the right to continue to use the Preserve for historic and present uses after the transfer to The Foundation for Mountaineers activities, subject to the provisions of the open space agreement and applicable law."); *id.* at 18 (1985 Management Agreement stating "[The Mountaineers] may continue to use and occupy the premises for its own past and present activities, including nature study and other scientific and educational activities consistent with the terms of such agreements"); *id.* at 24 (1990 Management Agreement stating "The Mountaineer Foundation agrees to provide The Mountaineers unlimited access to The Preserve for the purposes of: 1. Education and enjoyment consistent with the provisions of RCW Chapter 84.36; 2. Customary ingress, egress and easement for utilities to the Mountaineers property through the former Wymer Parcels; 3. Parking on the Reid Parcel for Mountaineer events").[4] Where the evidence "point[s] to some other relationship . . . or may be accounted for on some other hypothesis, [it is] not sufficient" to establish an easement under the doctrine of part performance. *Miller*, 78 Wn. 2d at 826. Here, the evidence provided by defendant may be accounted for on the basis that a generous license, rather than an easement, was intended.

**E.  *Kirk v. Tomulty***

---

[4] Defendant also points to (1) declarations from members of the organization, testifying as to their understanding of the parties' intent and (2) a "contemporaneously drafted 1985 article, which notes that any transfer would be contingent on a perpetual right of access." Dkt. # 135 at 10. However, the court in *Kirk* – the only case cited by the parties in which an easement was found pursuant to part performance – did not look to evidence of the parties' subjective understanding of the agreement, but to the language of the written agreement and the parties' conduct. 66 Wn. App. 231. Defendant has not identified another case where the subjective belief of the parties was considered in the court's part performance analysis. Accordingly, the Court ascribes limited weight to this evidence.

ORDER ON SUPPLEMENTAL BRIEFING - 8

Defendant separately contends that, under *Kirk v. Tomulty*, the intent of the parties to create an easement as well as part performance and acceptance of benefits suffices to establish the existence of a valid easement. Dkt. # 135 at 9. *Kirk* was decided by the Court of Appeals of Washington and is perhaps "the only instance where a Washington court has clearly applied the doctrine of part performance to create an easement." *Spur Growth Tr. v. CCOS Lake Union Boat Ctr., LLC*, 2 Wn. App. 2d 1006, 2018 WL 418901, at *2 (2018) (citing 17 WILLIAM B. STOEBUCK, WASHINGTON PRACTICE: REAL ESTATE: PROPERTY LAW § 2.8 (2004)). In *Kirk*, the parties had executed an agreement expressly providing for a grant of mutual easements. *Kirk*, 66 Wn. App. at 233. Although the agreement did not comply with the technical requirements of RCW 64.04.010, the court found that intent to create an easement was clear and applied the doctrine of part performance. *Id.* at 237.

Significantly, the Washington State Supreme Court has repeatedly and recently indicated that the proper test for part performance, including in the easement context, is the three-factor test described above. *See Berg*, 125 Wn. 2d at 571 (applying the three-part test in the easement context); *Kruse v. Hemp*, 121 Wn. 2d 715, 725 (1993) (applying the three-part test in the context of an option contract). Indeed, while the *Kirk* court did not explicitly lay out the three-factor test, it did discuss each of the relevant factors in its ruling. 66 Wn. App. at 238. Thus, while *Kirk* is helpful in framing this Court's inquiry, it does not provide an alternate test under which defendant might prevail after failing to establish part performance under the three-factor test.

Even if the Court were to look to *Kirk*, it is distinguishable from the case at hand. In *Kirk*, the parties entered into a written agreement wherein each landowner expressly granted the other an easement "for ingress, egress, and utility purposes" over the property. 66 Wn. App. at 233. Here, as discussed, the evidence defendant identifies does not conclusively demonstrate the intent to create an easement rather than a license. *See id.* at 9-10. The doctrine of part performance only entitles a party to specific performance of an agreement to create an easement if the parties actually agreed "to convey an easement as opposed to a license." *Proctor*, 146 Wn. App. at 853. Here, the Court finds that the intent of the parties is ambiguous and, as discussed

ORDER ON SUPPLEMENTAL BRIEFING - 9

above, defendant has not demonstrated that the three-factor test supports a finding of part performance.

### F. The Open Space Agreement

In a footnote, defendant contends that because the warranty deed was conditioned on approval of the Open Space Agreement, that agreement was incorporated by reference into the deed. Dkt. # 135 at 7 n.2. Moreover, as the Open Space Agreement stated that The Mountaineers "may retain the right to continue any existing open space use of the land," defendant argues that this language created an easement agreement that, due to its incorporation by reference into the deed, satisfies the statute of frauds. *Id.* Plaintiff argues that the Open Space Agreement could not have created an easement to benefit defendant, as defendant owned the Preserve at the time and "a property owner cannot grant itself an easement." Dkt. # 136 at 11.

Courts have recognized "the ability of parties to legitimize legal documents through incorporation by reference in other documents." *City of Buckley v. Toman*, No. C10-05209RBL, 2011 WL 3298418, at *3 (W.D. Wash. Aug. 1, 2011) (citing *Baarslag v. Hawkins*, 12 Wn. App. 756, 760 (1975)). However, even if the Open Space Agreement (entered into on January 7, 1980, *see* Dkt. # 95 at 50) was incorporated by reference into the warranty deed (executed on or about August 4, 1987, *see* Dkt. # 89-1 at 10), the Open Space Agreement was entered into between The Mountaineers and Kitsap County because The Mountaineers owned the Preserve at the time the Open Space Agreement was created. Dkt. # 95 at 50. Plaintiff correctly asserts that a property owner cannot create an easement in their property for their own use. *See Coast Storage Co. v. Schwartz*, 55 Wn. 2d 848, 853 (1960). "[O]ne cannot have and does not need an easement over land which he has purchased in fee, unless and until he conveys or leases the land subject to any privilege of easement which he may desire to retain." *Butler v. Craft Eng. Const. Co.*, 67 Wn. App. 684, 698 (1992). Thus, the Open Space Agreement could not have created an easement reserving the right of defendant to use the Preserve.[5]

---

[5] Accordingly, the Court need not address the issue of whether the language contained in the Open Space Agreement, stating the condition that "[t]he land continue to be used by the Mountaineers and public as in the past as stated in the Open Space Justification form, as described in the application

ORDER ON SUPPLEMENTAL BRIEFING - 10

## IV. Conclusion

For all the foregoing reasons, defendant's motion for summary judgment on its seventh counterclaim is DENIED and plaintiff's motion for partial summary judgment on defendant's seventh counterclaim is GRANTED. Defendant's seventh counterclaim is accordingly DISMISSED.

IT IS SO ORDERED.

DATED this 1st day of September, 2023.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

plus any conditions requested herein," would suffice to create defendant's requested easement. Dkt. # 92 at 53.

ORDER ON SUPPLEMENTAL BRIEFING - 11